In the Matter of the Application of JOSEPH BERNICK, Petitioner, to Vacate an Order of This Court Striking His Name from the Registry of the Fourth Election District of the Third Ward in the City of Albany, N. Y.

Supreme Court, Trial Term, Albany County, October 30, 1936.

*Scott K. Gray, Jr.,* and *Harry A. Allan,* for the petitioner.

*Kenneth S. McAffer* and *Borden H. Mills,* for the respondents.

FOSTER, J. Petitioner seeks to have vacated an order striking his name from the register of voters of the fourth election district of the third ward in the city of Albany on the ground that he did not receive due notice of the application to strike his name therefrom.

The facts adduced indicate that petitioner did not receive notice in time to act in his own behalf, although it clearly appears that such notice was served in conformity with the requirements of the original order. While there is controversy as to his legal residence, he would have been given the benefit of any doubt in connection therewith had he been heard on the original motion. It is one of those cases where conflicting inferences might be drawn, and hence I think the court would ordinarily have denied the application and permitted petitioner to swear in his vote if he were challenged.

Substantial justice requires, therefore, that the order be vacated unless there is a constitutional prohibition against such procedure. Article II, section 4, of the State Constitution provides that " registration shall be completed at least ten days before each election," but this requirement does not, in my opinion, prevent a correction

of the register where a name already on has been erroneously stricken off. It cannot be the purpose of the law to disenfranchise any legal voter through an error for which he is not responsible.

The registration, in so far as the inspectors of the district and this petitioner are concerned, was completed ten days before election; and the mere correction of an error now does not change the substantial fact of completion. Petitioner personally appeared for registration and was so registered. Both he and the inspectors complied with their respective duties within the time assigned by law. The change which thereafter occurred was through no fault of theirs and the constitutional bar does not in my opinion apply to such a case.

Application granted.